SNYDER *v.* MARTIN *et ux.*

*(Circuit Court, N. D. Illinois.* July 22, 1889.)

FRAUDULENT CONVEYANCES—CONSIDERATION.

The wife of the manager of a corporation borrowed $600 from a stockholder, and bought half of the capital stock. This was all the money ever put into the business by her or her husband. From the earnings of the business, conducted entirely by the husband, real estate was bought, and title taken in the wife's name. *Held,* that the land, being acquired entirely by the labor of the husband, was liable for his debts existing at that time.

In Equity. Creditor's bill.
*G. F. Westover,* for complainant.
*Bisbee, Ahrens & Decker,* for defendants.

BLODGETT, J., (*orally.*) This is a creditor's bill by which the complainant seeks to recover the amount of a judgment rendered in favor of the firm of which the complainant is the surviving partner against the firm of Lawrence & Martin on property, the title to which stands in the name of the defendant Carrie E. Martin, the wife of the defendant Morris T. Martin. It appears from the proof in the case that the defendant Carrie E. Martin holds the title to the real estate in question, and that all the said real estate was paid for with money earned in the business of the Phœnix Grain & Stock Exchange, a "bucket-shop" concern in this city, of which the defendant Morris T. Martin was the manager.

Mrs. Martin never invested any money in this corporation. She became a subscriber to one-half the capital stock of the company at the time it was formed. She borrowed, as the proof shows, from one of the stockholders the sum of $600, which was all the money that was ever put into the business, as far as the Martins were concerned. From the earnings of this business—the business which was conducted by Martin as its manager—the $600-note was paid and the real estate in question was bought and paid for, the title simply being taken in the name of Mrs. Martin. The defendant Morris T. Martin being in debt to the complainant at this time, I do not think he could secrete his earnings in the name of his wife to the delay or in fraud of his creditors. This is property that has not been earned or acquired by any effort or instrumentality of Mrs. Martin, nor is it the outcome of any investment by her; but it has been accumulated solely by the shrewd conduct and business ability of Morris Martin himself. There will be a decree in favor of the complainant.